J-S37039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSE L. GONZALEZ, | : | |
| | : | |
| Appellant | : | No. 1815 MDA 2016 |

Appeal from the Order entered October 25, 2016
in the Court of Common Pleas of Lebanon County,
Criminal Division, No(s):  CP-38-CR-0000176-2013

BEFORE:  STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 27, 2017**

Jose L. Gonzalez ("Gonzalez") appeals from the Order granting in part, and denying in part, his first Petition filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

This Court previously set forth the relevant factual history underlying this appeal, which we adopt for the purpose of this appeal.  ***See Commonwealth v. Gonzalez***, 116 A.3d 696 (Pa. Super. 2014) (unpublished memorandum at 1-4).  The trial court sentenced Gonzalez to an aggregate prison term of 20 to 40 years for a shooting that left the victim paralyzed.  This Court affirmed the judgment of sentence.  ***See id***.

On November 12, 2015, Gonzalez, *pro se*, filed the instant PCRA Petition.  Gonzalez was appointed PCRA counsel, who filed an Amended Petition, wherein Gonzalez claimed that his trial counsel was ineffective, and

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

further claimed that his direct appeal counsel was ineffective for failing to timely petition for allowance of appeal, to the Pennsylvania Supreme Court, of this Court's Order affirming his judgment of sentence.[2]  On October 21, 2016, the PCRA court conducted a hearing.  On October 25, 2016, the PCRA court entered an Order granting in part, and denying in part, Gonzalez's Petition.  Specifically, the PCRA court granted Gonzalez's Petition with regard to his claim of appellate counsel's ineffectiveness, and reinstated his right to petition the Pennsylvania Supreme Court for allowance of appeal of this Court's Order affirming Gonzalez's judgment of sentence.[3]  The PCRA court determined that Gonzalez's remaining issues of trial counsel's ineffectiveness lacked merit, and, accordingly, denied them.  This timely appeal followed.

On appeal, Gonzalez raises the following issues for our review:

1. Whether trial counsel was ineffective for failing to obtain the victim's toxicology report[,] and use said report at trial?

2. Whether trial counsel was ineffective for failing to object to the Commonwealth's statement during closing arguments, where the Commonwealth stated that [Gonzalez] said, "I didn't do shit," and spelling "Ha! Ha!"?

---

[2] The PCRA court determined that, although direct appeal counsel had deposited the appeal papers in the Lebanon County Courthouse mail system in a timely fashion, the Supreme Court refused to accept the documents, and quashed the appeal as untimely, because they had not been mailed directly from a post office.  **See** PCRA Court Order, 10/25/16, at 5 (unnumbered).

[3] Our Supreme Court subsequently denied Gonzalez's Petition for allowance of appeal.  **See Commonwealth v. Gonzalez**, 2017 Pa. LEXIS 816 (Pa. 2017).

3. Whether trial counsel was ineffective for failing to properly cross-examine witnesses[] Lawrence Graves ["Graves"], Jose Martinez ["Martinez"] and Sergeant [Johnathan] Hess ["Sergeant Hess"]?

4. Whether trial counsel was ineffective for failing to object to the introduction of the Grand Jury transcripts that were used with Sergeant Hess to impeach Anthony DeJesus ["DeJesus"], as said transcripts were never shown or provided to [Gonzalez] or his counsel?

5. Whether trial counsel was ineffective for failing to file a motion *in limine* asking the court to preclude the testimony at trial that the U.S. Marshal[]s were used to apprehend [Gonzalez,] and that it took eight (8) months to do so?

6. Whether trial counsel was ineffective for failing to call witnesses after [Gonzalez] had asked counsel to do so?

Brief for Appellant at 4-5 (some capitalization omitted).

In reviewing the denial of a PCRA Petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007) (citations omitted). Further, a PCRA court's credibility determinations should be provided great deference by reviewing courts. **See Commonwealth v. Johnson**, 966 A.2d 523, 539 (Pa. 2009).

> To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must … demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or

inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

In his first issue, Gonzalez contends that trial counsel was ineffective for failing to request the victim's toxicology report. Brief for Appellant at 10. Gonzalez believes that the victim lied about the amount of alcohol he had consumed on the night of the shooting. ***Id***. at 10-11. Gonzalez asserts that he had asked counsel to request the victim's toxicology report in order to demonstrate that the victim had consumed more than two beers, and possibly other substances. ***Id***. at 11. Gonzalez claims that the outcome of trial would have been different if trial counsel had obtained the victim's toxicology report and used the report at trial. ***Id***. at 13.

In its Order, the PCRA court addressed Gonzalez's first issue, and determined that the issue lacks merit. ***See*** PCRA Court Order, 10/25/16, at 2 (unnumbered) (wherein the PCRA court noted that the victim admitted that he had been drinking on the night of the shooting, and that Gonzalez "has never produced any intoxication report that would have impeached the victim's own testimony[,] nor has [Gonzalez] proffered any witness or any expert who would have impugned the victim's testimony based on his level

- 4 -

of intoxication."). We agree with the PCRA court's determination, which is supported by the record and free of legal error, and affirm on this basis as to Gonzalez's first issue. *See id*.; *see also Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007) (noting that "[a] PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.").

In his second claim, Gonzalez contends that trial counsel was ineffective for failing to object to statements made during the prosecutor's closing arguments that Gonzalez had said "I didn't do shit" and spelling "Ha! Ha!" Brief for Appellant at 14. Gonzalez asserts that he never confessed to the shooting, and the Commonwealth never asked Gonzalez what he was referencing when he made those comments. *Id*. at 14-15. Gonzalez claims that, although he asked trial counsel to object to the prosecutor's statements, counsel failed to do so. *Id*. at 15. Gonzalez argues that the outcome of his trial would have been different had counsel objected to the prosecutor's remarks. *Id*. at 16.

In its Order, the PCRA court addressed Gonzalez's second issue, and determined that trial counsel was not ineffective for failing to object to the prosecutor's closing remarks because the remarks were based on Gonzalez's Facebook posts, and were not unsupported or improper. *See* PCRA Court Order, 10/25/16, at 2 (unnumbered). We agree with the reasoning of the

PCRA court, which is supported by the record and free of legal error, and affirm on this basis as to Gonzalez's second issue. *See id*.

In his third issue, Gonzalez contends that trial counsel was ineffective for failing to properly cross-examine Graves, Martinez, and Sergeant Hess. Brief for Appellant at 17. Gonzalez asserts that statements made by Graves and Martinez were contradictory.[4] *Id*. at 17-24. Gonzalez argues that the outcome of his trial would have been different had counsel properly cross-examined these witnesses. *Id*. at 25.

In its Order, the PCRA court addressed Gonzalez's third issue, and determined that the issue lacks merit. *See* PCRA Court Order, 10/25/16, at 2-3 (unnumbered). We agree with the reasoning of the PCRA court, which is supported by the record and free of legal error, and affirm on this basis as to Gonzalez's third issue. *See id*.

In his fourth issue, Gonzalez contends that trial counsel was ineffective for failing to object to the introduction of Grand Jury transcripts to impeach DeJesus, because such transcripts had never been provided to Gonzalez or his trial counsel prior to their admission into evidence. Brief for Appellant at

---

[4] At the PCRA hearing, Gonzalez testified that, according to Sergeant Hess's reports, Martinez initially denied that Gonzalez was present at the scene of the shooting, but subsequently testified at trial that Gonzalez was the shooter. *See* Brief for Appellant at 20-22. Gonzalez also testified that he requested his trial counsel to impeach Martinez with Sergeant Hess's reports, and to question Sergeant Hess regarding Martinez's initial statements to police that Gonzalez was not present at the scene of the shooting. *See id*. at 23-24.

26. Gonzalez asserts that the outcome of his trial would have been different if counsel had objected to the transcripts. *Id*. at 30.

In its Order, the PCRA court addressed Gonzalez's fourth issue, and determined that the issue lacks merit. *See* PCRA Court Order, 10/25/16, at 3-4 (unnumbered). We agree with the reasoning of the PCRA court, which is supported by the record and free of legal error, and affirm on this basis as to Gonzalez's fourth issue. *See id*.

In his fifth issue, Gonzalez contends that trial counsel was ineffective for failing to file a motion *in limine* to preclude testimony at trial that U.S. Marshals were used to apprehend Gonzalez, and that it took them eight months to do so. Brief for Appellant at 31. Gonzalez asserts that he was "on the run for a completely different charge[,]" and that "[w]hen he was arrested[,] it wasn't for this case." *Id*. at 31. Gonzalez claims that his classification as being "on the run" from authorities hurt his case because it made him seem guilty. *Id*. at 32. Gonzalez argues that "the [j]ury should have never become privy to such knowledge[,] and the prejudicial nature of such facts outweighs the probative value." *Id*. at 34. Gonzalez contends that the outcome of his trial would have been different if counsel had filed a motion *in limine* to preclude such testimony. *Id*. at 35.

In its Order, the PCRA court addressed Gonzalez's fifth issue, and determined that the issue lacks merit. *See* PCRA Court Order, 10/25/16, at 3 (unnumbered). We agree with the reasoning of the PCRA court, which is

supported by the record and free of legal error, and affirm on this basis as to Gonzalez's fifth issue. ***See id***.

In his sixth issue, Gonzalez contends that trial counsel was ineffective for failing to call witnesses that Gonzalez wanted to be called. Brief for Appellant at 36. Specifically, Gonzalez asserts that trial counsel should have heeded Gonzalez's request to call Sharday Ritter ("Ritter") and Christopher Malandra ("Malandra") to testify at trial. ***Id***. at 36-39. Gonzalez claims that trial counsel never attempted to communicate with Ritter or Malandra, and merely sent them a subpoena a few days prior to trial. ***Id***. at 40. Gonzalez asserts that Malandra testified at the PCRA hearing that, had he been contacted by trial counsel, he would have testified on Gonzalez's behalf. ***Id***. at 40.

To prevail on a claim of trial counsel's ineffectiveness for failure to call a witness, the petitioner must show (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on the petitioner's behalf; and (5) that the absence of the testimony prejudiced the petitioner. ***See Commonwealth v. Fletcher***, 750 A.2d 261, 275 (Pa. 2000). Trial counsel will not be found ineffective for failing to investigate or call a witness unless there is some showing by the petitioner that the

witness's testimony would have been helpful to the defense. ***See***

***Commonwealth v. Auker***, 681 A.2d 1305, 1319 (Pa. 1996).

In its Order, the PCRA court addressed Gonzalez's sixth issue, and determined that the issue lacks merit. ***See*** PCRA Court Order, 10/25/16, at 4 (unnumbered). We agree with the reasoning of the PCRA court, which is supported by the record and free of legal error, and affirm on this basis as to Gonzalez's sixth issue. ***See id***.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2017

ENTERED & FILED
CLERK OF COURTS
LEBANON, PA

IN THE COURT OF COMMON PLEAS OF LEBANON COUNTY
PENNSYLVANIA

CRIMINAL

COMMONWEALTH OF PENNSYLVANIA   : CR-176-2013
                                   :
            V                     :
                                   :
JOSE GONZALEZ                  : PCRA HEARING

ORDER

AND NOW, this 21st day of October, 2016, after hearing, and in consideration of the testimony adduced, the Court notes as follows:

A. The above-referenced matter stems from a tragic incident where the victim was shot at a party. As result of the shooting, the victim was permanently paralyzed. Following the shooting, the victim was dumped in front of the Lebanon Good Samaritan Hospital while those who drove him to that location left the scene. Thereafter, no one cooperated with the police.

B. As a result of an intensive investigation, the police were able to discern that the shooting occurred at a party. The victim clearly identified the Defendant as the person who shot him. However, none of the other witnesses were cooperative even after being asked to testify before a Grand Jury. The other people present at the party denied recalling anything or gave different conflicting descriptions of events.

C. The Defendant told police that he was not even present at the party. On most occasions the Defendant told his own counsel that he was not present at the party. Today he attempts to alter that paradigm to indicate that he was present at the party, but did not pull the trigger. Today he claims an unnamed individual known as "Dinero" was the shooter.

D. The Defendant has filed a PCRA Petition and has submitted numerous arguments why his conviction should be overturned. We will separately address each of those arguments.

E. The Defendant claims that counsel erred by failing to present the victim's toxicology report. At all times pertinent to the Defendant's trial his claim was that he was not even present at the party. At no point did the Defendant claim that he was acting in self-defense.

F. The victim himself admitted on the witness stand that he had been drinking on the night in question. According to defense counsel, primary focus of the victim's medical records was upon his very serious and life-threatening medical condition and not upon the level of his intoxication. We do not view defense counsel's failure to obtain or emphasize the victim's intoxication report as having any significant bearing on the outcome of the Defendant's trial. Moreover, even up to today's date the Defendant has never produced any intoxication report that would have impeached the victim's own testimony nor has he proffered any witness or any expert who would have impugned the victim's testimony based upon his level of intoxication.

G. The Defendant argues that his counsel should have objected to the Commonwealth's closing argument that referenced Facebook posts submitted by the Defendant. We have reviewed the Commonwealth's argument. We do not find the argument to be improper, in fact, it was based upon evidence that was presented. Because we do not find the Commonwealth's argument to be unsupported or improper, the Defendant's argument that his counsel should have objected will be rejected.

H. The Defendant provides less than clear argument that Lawrence Graves should have been cross-examined at trial in a different manner. As context, Mr. Graves implicated the Defendant in a statement given to the police after the incident occurred. At trial, Mr. Graves recanted the inculpatory statement he made to police. At trial, Mr. Graves did not identify the Defendant as the shooter. Given the dynamic of what occurred at trial with Mr. Graves, we are at a loss to perceive how the Defendant believes that trial counsel should have examined him in a different fashion.

I. The Defendant also argues that his counsel should have cross-examined Jose Martinez about Mr. Martinez' initial refusal to identify the shooter. The trial transcript clearly reveals that trial counsel did in fact question Mr. Martinez about his prior inconsistent statements. Therefore, the Defendant's claim of ineffectiveness on this ground is unsupported by the transcript at trial.

J. The Defendant continues his argument that his flight should not have been part of the trial. As background, the Defendant left Lebanon immediately after this shooting occurred and traveled to another state. He told others that he was never returning to Lebanon. The Commonwealth sought to introduce the Defendant's relocation as proof of consciousness of guilt. The Defendant's attorney objected to this. Extensive argument was conducted regarding the relevance of the Defendant's relocation. Eventually, this Court decided that the Defendant's relocation could be considered as flight by the jury if it chose to do so. If the jury determined that the Defendant's conduct was flight, the Court instructed that the jury could consider that flight as evidence of a guilty conscious. The Defendant included this issue in his direct appeal. Eventually the Pennsylvania Superior Court affirmed the manner in which this Court handled the Defendant's flight. In no way was defense counsel ineffective for failing to properly argue the relevance of the Defendant's relocation or flight. The fact that this Court and the Pennsylvania Superior Court disagree with the Defendant's position is not ineffectiveness on the part of defense counsel.

K. The Defendant argues that he should have been provided with Grand Jury testimony transcripts so that he could review those transcripts by himself. Prior to trial, the Court did withhold Grand Jury transcripts from the defense due to concerns about retaliation toward those who testified before the Grand Jury. However, the Court did direct the disclosure of transcripts to the Defendant's counsel prior to the commencement of trial itself. Those transcripts were turned over to the Defendant's counsel. The Defendant's counsel used those

transcripts for trial preparation. However, trial counsel did not provide a copy of the transcripts to the Defendant. Even up until today's date, the Defendant has never identified any passage from any transcript that would have impacted the trial or its outcome. Without proof that earlier disclosure of the transcripts could or would have affected the outcome of trial, the Defendant's argument regarding disclosure of the Grand Jury's jury transcripts to himself is without merit.

L. The Defendant argues that trial counsel should have called Sharday Ritter. Trial counsel indicated that he did try to subpoena Sharday Ritter. However, Ms. Ritter left the jurisdiction of Lebanon. Her whereabouts were unknown. Even as of today's date, no one knows the location of Sharday Ritter. Ms. Ritter did not testify at today's proceeding and we have no idea what she would have said had she been available and called as a witness. There is no evidence that Ms. Ritter's testimony would have affected the outcome of trial. Therefore, the Defendant's argument based upon the testimony of Sharday Ritter will be denied.

M. The Defendant also claims that trial counsel was ineffective for failing to call Christopher Malandra. Mr. Malandra did testify today. Initially, the Court notes that we did not find Mr. Malandra's testimony to be at all credible. He mumbled whenever an uncomfortable question was asked and he responded "I don't remember" when asked directly who pulled the trigger on the night in question. Mr. Malandra testified that the Defendant was present at the party. When asked whether the Defendant was located in close proximity to the victim, Mr. Malandra at one point responded "I don't remember". At another point, Mr. Malandra stated "I don't think so." Mr. Malandra's testimony, had it been presented at trial, would have contradicted the Defendant's own claims that he was not even located at the party. In addition, Mr. Malandra's testimony was obviously not credible. For either and both of these reasons, we do not find that Mr. Malandra's presence at trial would have impacted the outcome of it.

N. As a general proposition, we declare based upon the testimony presented today that Attorney Nick Sidelnick was far more credible than the Defendant. We find the Defendant's testimony to be self-serving at best.

O. The Defendant's last argument is that his trial counsel failed to properly perfect an appeal to the Pennsylvania Supreme Court. Following the Superior's Court's denial of the Defendant's direct appeal claims, the Defendant did request his counsel to file an appeal with the Pennsylvania Supreme Court. Counsel deposited the appeal papers in the Lebanon County Courthouse mail system in a timely fashion. Unfortunately, the Supreme Court refused to accept documents that were not mailed directly from a post office. For this reason, the Defendant's appeal to the Supreme Court was quashed as untimely.

Accordingly, the Order of this Court is as follows:

1. Other than the issue pertaining to the Defendant's appeal to the Supreme Court, we declare all of the other arguments presented today by the Defendant to be without merit. All such arguments will be denied.

2. With respect to the Defendant's claim of ineffectiveness related to the appeal of his sentence to the Pennsylvania Supreme Court, we will grant the Defendant's Post-Conviction Relief Petition. The Defendant shall have 30 days from today's date to properly perfect an appeal from the decision of the Pennsylvania Superior Court to the Pennsylvania Supreme Court. Thereafter, the matter will proceed before the Supreme Court in accordance with the Pennsylvania rules of appellant procedure.

3. A copy of this Order is to be provided to the District Attorney of Lebanon County, to the Defendant's attorney, and to the Defendant by certified mail returned receipt requested.

BY THE COURT:

_____

BRADFORD H. CHARLES

BHC/al

Copy:

David Arnold, Esq.

Melissa Montgomery, Esq.//616 Paxton Place, Lititz, PA 17543

Jose Gonzalez//LCCF